## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Briana Dale Jorgensen,

                Plaintiff,

v.

Carolyn W. Colvin,

                Defendant.

**Case No. 16-cv-1025 (JRT/SER)**

**REPORT & RECOMMENDATION**

---

STEVEN E. RAU, United States Magistrate Judge

      This matter comes before the undersigned on Commissioner Carolyn W. Colvin's (the "Commissioner") Motion to Dismiss [Doc. No. 10]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. *See* (Order of Reference) [Doc. No. 15]. For the reasons stated below, the Court recommends that the Motion to Dismiss be denied.

## I.    BACKGROUND

      On February 24, 2012, Jorgensen protectively filed for disability insurance benefits with the Social Security Administration ("SSA"). (Ex. A) [Doc. No. 17-1 at 19].[1] On September 13, 2013, an administrative law judge ("ALJ") issued a decision denying Plaintiff Briana Jorgensen's ("Jorgensen") request. (Ex. A at 19). On November 13, 2013, Jorgensen timely filed her request with the Appeal's Council for reconsideration of the ALJ's decision. (Ex. B) [Doc. No. 17-2]; *see also* (Pl.'s Reply Mem. to Def.'s Mot. to Dismiss, "Resp.") [Doc. No. 16 at 1]. On May 22, 2014, Jorgensen submitted additional contentions to the Appeals Council that she

---

[1]    When referencing all documents, CM/ECF pagination is used.

wanted considered as part of her request for reconsideration. *See* (Ex. E) [Doc. No. 17-5]. On November 25, 2014, the Appeals Council informed Jorgensen of its decision to deny her request for review. (Ex. C) [Doc. No. 17-3]. In the letter noticing its decision, the Appeals Council informed Jorgensen of her right to commence a civil action within sixty days from the date of receipt. *See* (*id.* at 2); *see also* (Def.'s Mem. in Supp. of Mot. to Dismiss) [Doc. No. 11 at 2].[2] Also as part of its denial, the Appeals Council stated that it had considered Jorgensen's additional contentions submitted on May 22, 2014. (Ex. D) [Doc. No. 17-4] (indicating consideration and denial of Jorgensen's contentions). Jorgensen, however, alleges the Appeals Council did so in a conclusory form letter. (Resp. at 1–2). The denial also stated that to obtain an extension to file a civil action Jorgensen "must mail your request for more time to the Appeals Council . . . . We will send you a letter telling you whether your request for time has been granted." (Ex. C at 3).

On December 29, 2014—within the sixty-day period in which to file a civil action— Jorgensen requested that the Appeals Council provide a rationale, beyond the alleged conclusory form letter, as to why reconsideration was denied. (Ex. F) [Doc. No. 17-6]. In addition, Jorgensen requested that the Appeals Council reopen her claim and grant her an extension to bring her civil action. (*Id.*). At no point before January 29, 2015—the final day to initiate a civil action—did Jorgensen receive a response from the Appeals Council or file a complaint in federal district court.[3]

---

[2]     Defendants Memorandum in Support of Motion to Dismiss includes various citations to exhibits. None of these exhibits appear to have been filed on CM/ECF. Nevertheless, the operative facts, such as filing dates, and dates of correspondence are not in dispute. Jorgensen also filed exhibits directed to the operative facts. Therefore, this Court references Jorgensen's exhibits as needed when citing to the record.

[3]     January 29, 2015, is actually sixty-five days after the Appeal's Council's decision. In general, an action must be commenced within sixty days after a party is noticed of an Appeals

Over the course of the ensuing year, Jorgensen asserts that the SSA confirmed by phone on numerous occasions that her claim was "pending." *See* (Resp. at 2); *see also* (Aff. of Keri Dennis) [Doc. No. 17-7 at 1] (stating that on March 24, 2015, Jorgensen received a call from an SSA representative stating that her "Appeals Council Request for Review was granted"). On February 19, 2016, the Appeals Council denied Jorgensen's December 29, 2014, request to reopen her claim. (Ex. H) [Doc. No. 17-8]. On June 3, 2016, the Appeals Council denied Jorgensen's December 29, 2014, request for an extension to file a civil action. (Ex. I) [Doc. No. 17-9].

On April 29, 2016—before receiving the Appeals Council's denial of an extension of time to file—Jorgensen filed her complaint in federal district court. (Compl.) [Doc. No. 1].

On July 15, 2016, the Commissioner filed her Motion to Dismiss. (Mot. to Dismiss). The Commissioner argues that the April 29, 2016, filing of Jorgensen's claim occurred more than sixty days after the Appeal's Counsel's November 25, 2014, final decision, thus barring the complaint pursuant to 42 U.S.C. § 405(g). (Def.'s Mem. in Supp. of Mot. to Dismiss at 1, 3, 5). Thus, the Commissioner argues that Jorgensen's claim is time barred and should be dismissed. *See* (*id.* at 1).  Furthermore, the Commissioner argues that no circumstances exist that would justify the tolling of the statute of limitations under 42 U.S.C. § 405(g). (*Id.* at 5–6).

On July 25, 2016, Jorgensen responded to the Commissioner's Motion to Dismiss. *See generally* (Resp.). Jorgensen asserts that the February 19, 2016, communication from the Appeals Council was a final decision and that the Complaint filed on April 29, 2016, was thus timely filed because it was filed within sixty days of February 19, 2016. *See* (*id.* at 3). Jorgensen

Council's decision. *See* 42 U.S.C. § 405(g). But the "[d]ate you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period." 20 C.F.R. § 404.901; *see also Bess v. Barnhart*, 337 F.3d 988, 989–90 (8th Cir. 2003) (discussing the notice requirement).

also argues, in essence, that equity requires a tolling of the statute of limitations. *See* (*id.* at 4) (arguing that "[e]quity demands that claimants have timely recourse to request that clear errors of law be fully evaluated" to avoid civil litigation and provide a complete record for the Court to review).

## II.    DISCUSSION

### A.    Legal Standard

A civil complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

42 U.S.C. § 405(g) provides a limited window in which a plaintiff can bring a civil action in federal court. *See Califano v. Sanders*, 430 U.S. 99, 108–09 (1977). Section 405(g) states that

> [a]ny individual, after **any final decision of the Commissioner of Social Security made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of notice of such decision** or **within such further time as the Commissioner of Social Security may allow**.

(emphasis added).

"When it appears from the face of the complaint itself that the limitation period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." *Wycoff v. Menke*, 773 F.2d 983, 984–85 (8th Cir. 1985) (internal quotation marks omitted).

### B.    Analysis

As a threshold matter, this Court notes that the Commissioner was not clear with respect to the grounds under which she sought to dismiss the case. *See generally* (Mot. to Dismiss). The Supreme Court, however, has made clear that the sixty-day limitation from bringing a civil action is not jurisdictional. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (stating that "the 60–day requirement is not jurisdictional, but rather constitutes a period of limitations").

As a result, the Court treats the Commissioner's Motion to Dismiss pursuant to Rule 12(b)(6). *See Infomax Office Sys., Inc. v. MBO Binder & Co. of Am.*, 976 F. Supp. 1247, 1249 (S.D. Iowa 1997) (stating that "[a]lthough MBO did not specify which of the numerous options under Rule 12(b) it sought to apply, Rule 12(b)(6)'s 'failure to state a claim upon which relief can be granted' appears the obvious choice"); *see also Wycoff v. Menke*, 773 F.2d at 984–85.

In some situations, a motion to dismiss can be converted into a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(c). But "a Court may consider some information, which is not contained within the Complaint, such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings, without transforming the Motion into one for Summary Judgment." *Montez v. Astrue*, No. 8-cv-634 (PJS/RLE), 2009 WL 88337, at *3 (D. Minn. Jan. 12, 2009) (Erickson, Mag. J., as adopted by Schiltz, J.) (citing *Little Gem Life Sciences, LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 916 (8th Cir. 2008)). This Circuit considers matters necessarily embraced by the pleadings to include "documents whose contents are alleged in the complaint, and whose authenticity nobody questions, but which are not physically attached to the pleading." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n. 4 (8th Cir. 2003). Here, Jorgenson pleaded that she "complains of a decision . . . . [that] has become the final decision of the Secretary for purposes of judicial review," which necessarily implicates the various decisions of the Appeals Council. (Compl. at 2). Furthermore, neither party disputes the authenticity of the supporting material. Consequently, the Court's consideration of these documents does not convert the Commissioner's Motion to Dismiss into one for summary judgement. *See, e.g.*, *Montez*, 2009 WL 88337, at *3 (finding that submissions by the Commissioner were necessarily embraced by the pleadings).

The issue before the Court is whether Jorgensen's Complaint was timely filed, and if not, whether the balance of the equities lies in favor of tolling 42 U.S.C. 405(g)'s limitations period. Jorgensen argues that the Appeals Council's decisions denying reconsideration of the ALJ's decision and denying an extension to file a civil action are final decisions and the balance of the equities lie in favor of tolling the limitations period. (Resp. at 3, 4). The Commissioner argues that the Appeals Council's decision denying reconsideration of the ALJ's decision is the only final decision for the purposes of 42 U.S.C. § 405(g) and that the balance of the equities does not lie in favor of tolling the limitations period. *See* (Def.'s Mem. in Supp. of Mot. to Dismiss at 1, 3, 5–6). As will be described in more detail below, the Court finds that the Appeals Council decision to deny reconsideration of the ALJ's decision is the only final decision and the balance of the equities lie in favor of tolling the limitations period. Consequently, the Court recommends that the Commissioner's Motion to Dismiss be denied.

There are three decisions made by the Appeals Council that the parties reference in connection with the Commissioner's Motion to Dismiss. The first is the Appeals Council's November 25, 2014, decision denying reconsideration of the ALJ's decisions. The second is its February 19, 2016, decision denying reopening Jorgensen's claim. The third is its June 3, 2016, decision denying Jorgensen's request for an extension to file a civil action.

It is well-settled that neither a decision regarding a request to reopen a claim nor a decision regarding a request for an extension of time are considered final for the purposes of attaching federal subject matter jurisdiction under 42 U.S.C. § 405(g). *See, e.g.*, *Califano*, 430 U.S. at 108 (holding that denials to reopen a claim are not "final decisions"); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) (holding that neither a denial to reopen a claim nor a denial of extension of time was a final decision and therefore "the District Court was

without subject matter jurisdiction to review the Appeals Council's decision not to reopen Turner's claim for benefits. The same analysis applies to the Appeals Council's decision to deny an extension of time for filing a civil action in federal district court" (citing *McCall v. Bowen*, 832 F.2d 862, 863 (5th Cir. 1987); *Stone v. Heckler*, 778 F.2d 645, 648–49 (11th Cir. 1985); *Peterson v. Califano*, 631 F.2d 628, 629–31 (9th Cir. 1980)). That is, only the Appeals Council's decision on November 25, 2014, to deny reconsideration is considered a "final decision of the Commissioner of Social Security made after a hearing" for the purposes of conferring subject matter jurisdiction under 42 U.S.C. § 405(g). Consequently, of the three decisions, the Court only has subject matter jurisdiction to review the Appeals Council's November 25, 2014, decision denying reconsideration. *Turner*, 862 F.2d at 710.

The determination of what constitutes a final decision for the purposes of subject matter jurisdiction is also informative for the purposes of establishing what decisions trigger the limitations period for bringing civil action under 42 U.S.C. § 405(g). By the same rationale, therefore, neither the Appeals Council's denial of Jorgensen's request to reopen her claim nor the Appeals Council's denial of Jorgensen's request for an extension of time to file her civil action are final decisions for the purposes of commencing a civil action under 42 U.S.C. § 405(g). *Accord Califano*, 430 U.S. at 108; *Turner*, 862 F.2d at 710. Put differently, Jorgensen cannot rely on anything other than the Appeals Council's November 25, 2014, denial of reconsideration to establish a date by which she could bring her civil action. The subsequent denials from the Appeals Council, therefore, do not delineate new sixty-day time periods in which Jorgensen could file a civil action. As a result, Jorgensen's argument that the February 19, 2016, determination is the final determination of the Appeal's Council for the purposes of bringing her civil action is unavailing. *See* (Resp. at 3).

With respect to the Appeal's Council November 25, 2014, decision denying reconsideration of the ALJ's decision, the sixty-day deadline to file a civil action ended on January 29, 2015. *See* 20 C.F.R. § 404.981; *see also supra* n. 3. As mentioned above, "the 60–day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen*, 476 U.S. at 478. Furthermore, the limitations period is "a condition on the waiver of sovereign immunity and . . .  must be strictly construed." *Id.* at 479. Here, it is undisputed that Jorgensen did not file her action before the January 29, 2015, deadline. *See* (Compl.). Consequently, unless equitable tolling is appropriate, Jorgensen's complaint is time bared.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, **or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass**. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (emphasis added) (citations omitted). This Circuit has held that equitable tolling is appropriate "'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate,'" such as in instances involving misleading or fraudulent conduct. *Turner*, 862 F.2d at 710 (quoting *Bowen*, 476 U.S. at 480).

Courts in this district and in other circuits have been presented with similar factual scenarios and have found for and against the application of equitable tolling. *See, e.g.*, *Sahu v. Astrue*, 321 F. App'x 529, 529 (8th Cir. 2009) (affirming dismissal by the district court after plaintiff failed to file a civil action after receiving an extension from the Appeals Council); *Korfe v. Astrue*, No. 09-cv-3163 (ADM/JJG), 2010 WL 2399694, at *2 (May 25, 2010) (Graham, Mag. J.) (granting a motion to dismiss based on facts similar to *Sahu*); *see also*; *Stone v. Heckler*, 778

F.2d 645, 648 (11th Cir. 1985) (holding equitable tolling was inappropriate because "the sixty-day statutory limit expressed in 42 U.S.C.A. § 405(g) indicates that a Social Security claimant should not rely upon the possibility of an administrative extension of time, but rather must file suit timely to insure judicial review"); *but see Rivera-Gonzalez v. Astrue*, No. 8:11-CV-172-T-30EAJ, 2011 WL 2434071, at *2 (M.D. Fla. June 16, 2011) (finding that "Defendant's failure to respond to Plaintiff's request for an extension, especially given the language . . . impl[ing] that the Appeals Council will consider the request and provide notice of its decision, suggests that Defendant provided Plaintiff with misleading information"); *Aschettino v. Sullivan*, 724 F. Supp. 1116, 1117–118 (W.D.N.Y. 1989) (holding that equitable tolling was appropriate because the plaintiff timely filed his request for an extension and the response was not received until after the statutory period had passed).

The instant case is more factually analogous to *Rivera-Gonzalez* and *Aschettino* and distinguishable from *Sahu, Korfe,* and *Stone*. This Court, therefore, finds *Rivera-Gonzalez* and *Aschettino* more persuasive for the purposes of its analysis. For example, in *Stone,* the Plaintiff requested and received two extensions of time from the Appeals Council. *Stone*, 778 F.2d at 646. In the grant of the second extension, the Appeals Council stated that the plaintiff would not receive a third extension. *Id.* In the midst of the second extension, the plaintiff requested reconsideration of the ALJ's decision, that the Appeals Council reopen his claim, and for a third extension to file a civil action. *Id.* After the second extension lapsed, the Appeals Council denied all three requests. *Id.* Because the plaintiff failed to file his civil action during the second extension, the Court in *Stone* affirmed the district court's dismissal of the plaintiff's complaint. *Id.* at 649. Similarly, in *Sahu* and *Korfe*, the respective plaintiffs were recipients of an extension of time to file a civil action, but failed to bring a civil action during the extension period. *See*

*Sahu*, 321 F. App'x at 529; *Korfe*, 2010 WL 2399694, at *2. Also, in *Korfe*, the initial request for an extension to file a civil action was not timely filed. *Korfe*, 2010 WL 2399694, at *2. Simply stated, the grant of one or more extensions and its impact on the balancing of the equities is not present here like it was in *Sahu, Korfe*, and *Stone*.

Like in *Rivera-Gonzalez* and *Aschettino*, Jorgensen timely filed her request for an extension of time to file her civil action. *See Rivera-Gonzalez*, 2011 WL 2434071, at *1; *Aschettino*, 724 F. Supp. at 1117; (Ex. F). Also, like in *Rivera-Gonzalez* and *Aschettino*, Jorgensen did not receive any response from the Appeals Council until well after the sixty-day statutory period had ended. *See Rivera-Gonzalez*, 2011 WL 2434071, at *1 (no decision from the Appeals Council as of the date of the court's decision, which at that time was about five months after the end of the sixty-day statutory period); *Aschettino*, 724 F. Supp. at 1117 (deny additional time to file a civil action almost five months after the end of the sixty-day statutory period); (Ex. I) (denying additional time to file a civil action more than eighteen months after the end of the sixty-day statutory period in the instant case). Also, the operative language in the Commissioner's letter of denial and the language used in the letter in *Rivera-Gonzalez* was the same. They both state "[y]ou must mail your request for more time to the Appeals Council . . . . We will send you a letter telling you whether your request for time has been granted." (Ex. at 3); *Rivera-Gonzalez*, 2011 WL 2434071 at *1. This language suggests that no other action need be taken and provides no clarity regarding what should be done while a party waits for the Appeals Council's decision. In particular, there is no express recitation in the letter of denial that one must file a civil action in the sixty day-statutory period notwithstanding a pending request for an extension to file a civil action. *See Rivera-Gonzalez*, 2011 WL 243071, at *1 (stating that the language in the letter of denial "suggests that the Appeals Council will respond to the request and

is silent on the issue of whether the appeal should be filed during the pendency of the request"). It is therefore reasonable to find this language misleading. For example, one could assume from this language that the SSA would provide a timely response. *See id.* at *2 (finding that this language "suggests that Defendant provided Plaintiff with misleading information").

Relatedly, as with the plaintiffs in *Rivera-Gonzales* and *Aschettino*, Jorgenson's actions show diligence. *See, e.g.*, *id.*; *Aschettino*, 724 F. Supp. at 1117–18. For example, Jorgenson filed for an extension of time during her initial sixty-day statutory period. *See* (Ex. F). She also maintained communication with the SSA during the eighteen month period the Appeals Council was considering her request for an extension of time to file her civil action. (Aff. of Keri Dennis). In particular, Jorgensen asserts that at least on one occasion the SSA stated that Jorgensen's requests were "granted." (*Id.*). The SSA's representation that her requests were "granted" combined with the language found in the Appeals Council's denial to reconsider the ALJ's decision created a reasonable reliance on the part of Jorgensen that nothing more needed to be done to preserve her legal rights. For these reasons, therefore, this Court finds that Jorgensen was diligent and nothing suggests that she was dilatory in preserving her legal rights. *Accord Rivera-Gonzalez*, 2011 WL 2434071, at *2; *Aschettino*, 724 F. Supp. at 1117–118.

Consequently, this Court finds that the equities lie in favor of tolling the statute of limitations in this instance. Thus, this Court recommends that statute of limitations be tolled and Commissioner's Motion to Dismiss be denied.

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Dismiss [Doc. No. 10] be **DENIED**.

Dated: January 9, 2017

*s/ Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge

## Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.