UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIANA DALE JORGENSEN,<br><br>                           Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>*Acting Commissioner of Social Security*,<br><br>                           Defendant. | Civil No. 16-1025 (JRT/SER)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Jennifer G. Mrozik, **HOGLUND, CHWIALKOWSKI & MROZIK, PLLC**, 1781 West County Road B, Roseville, MN 55113, for plaintiff.

Ann M. Bildtsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Plaintiff Briana Dale Jorgensen brought this action against Defendant Nancy Berryhill, the Acting Commissioner of Social Security ("the Commissioner"), seeking review of the denial of Jorgensen's application for disability insurance benefits. The parties filed cross-motions for summary judgment. United States Magistrate Judge Steven E. Rau issued a Report & Recommendation ("R&R") that Jorgensen's motion be denied and the Commissioner's granted. Jorgensen objects. After a careful review of the record, the Court will find that the Commissioner's decision conforms to the law and is supported by substantial evidence from the record as a whole as required by 42 U.S.C. § 405(g). As such, the Court will overrule Jorgensen's objections and adopt the R&R.

## BACKGROUND

The facts of this case are described extensively in the R&R and are therefore summarized here only as relevant to Jorgensen's objections. (*See* R&R at 1-9, Jan. 26, 2018, Docket No. 35.) In 2012, Jorgensen filed for Social Security disability benefits on the ground that a variety of cognitive issues limit her ability to work. (Admin. R. at 264, 267, Feb. 22, 2017, Docket No. 24.) As relevant here, state agency psychologist Dr. Michael DeSanctis determined that Jorgensen's "difficulties in maintaining concentration, persistence, or pace" were "marked," an opinion with which a second state agency psychologist concurred. (*Id.* at 136, 153.) Ultimately, however, both opined that Jorgensen was not disabled. (*Id.* at 141, 153.)

Jorgensen's claim was denied initially and on reconsideration. (*Id.* at 16.) After a hearing, the claim was denied again by an Administrative Law Judge ("ALJ"). (*Id.* at 30-31.) As relevant here, the ALJ found that Jorgensen has "moderate limitations" in her "ability to maintain concentration, persistence, and pace." (*Id.* at 20.) Despite finding "moderate" rather than "marked" limitations, the ALJ found "the State agency psychological consultants opinions generally consistent with the evidence in record and gives their opinions weight to the extent that they support the above described residual functional capacity findings." (*Id.* at 29.) The Appeals Council denied review. (*Id.* at 1.)

Jorgensen brought this action after exhausting the administrative appeals process within the Social Security Administration. (Compl., Apr. 19, 2016, Docket No. 1.) The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that Jorgensen's motion be denied and the Commissioner's granted. (R&R

at 15; Def.'s Mot. for Summ. J., June 22, 2017, Docket No. 33; Pl.'s Mot. for Summ. J., Apr. 24, 2017, Docket No. 27.) Jorgensen objects, arguing that the Commissioner committed legal error by failing to properly evaluate the opinions of the two state agency psychologists, and that the Magistrate Judge erroneously claimed that the ALJ's error was harmless. (Objs. at 1-2, Feb. 9, 2018, Docket No. 37.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Because motions for summary judgment are dispositive, the Court will review Jorgensen's objections de novo to the extent that they are specific and do not merely repeat arguments presented to and considered by the Magistrate Judge.

## II.   ANALYSIS

Jorgensen raises two objections to the Magistrate Judge's proposed finding that the ALJ's determination was supported by substantial evidence. First, Jorgensen argues that the Commissioner "failed to properly evaluate the opinions of the state agency psychological consultants as *mandated* under 20 C.F.R. § 404.1527." (Objs. at 1.) Second, Jorgensen argues that the R&R erroneously claimed that any legal error was harmless. (*Id.* at 5-6.)

### A.   Explicit Evaluation

In moving for summary judgment, Jorgensen argued that "[t]he ALJ's use of stock language to 'weigh' [state agency psychological] opinions to support his conclusions are meaningless without findings of fact." (Pl.'s Mem. Supp. at 15, Apr. 24, 2017, Docket No. 28). The Magistrate Judge considered and rejected Jorgensen's argument because substantial evidence in the record as a whole supports the ALJ's conclusion. (R&R at 12-14 (citing *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006); *Jones v. Astrue*, 619 F.3d 963, 970 (8th Cir. 2010)).) Jorgensen now argues that the ALJ committed legal error by failing to provide "an *explicit* rationale" for not giving controlling weight to the state agency psychologists' opinion that Jorgensen has marked difficulties in maintaining concentration, persistence, or pace. (Objs. at 3-4.) Jorgensen submits that the ALJ provided only "canned language, not a rationale." (*Id.* at 4.)

It is true that an ALJ is required consider certain enumerated factors in determining the weight to be afforded a particular medical opinion; as such, canned

language does not suffice.  *See* 20 C.F.R. § 404.1527; *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (noting that the ALJ is "required to develop the record fully and fairly").  But Jorgensen is mistaken in suggesting that the ALJ must set forth an explicit rationale with regard to each and every portion of a medical opinion.  Setting aside whether that rule would be desirable, it is not the law.  *See Karlix*, 457 F.3d at 746 ("The fact that the ALJ did not elaborate on [a particular] conclusion does not require reversal, because the record supports her overall conclusion.").

Here – as the Magistrate Judge found – the ALJ's statement assigning weight to the state agency psychological opinions came after the ALJ fully and fairly developed the record with regard to Jorgensen's ability to maintain concentration, persistence, and pace.  (*See* Admin R. at 25-27; R&R at 13.)  This case stands in stark contrast to situations where an ALJ's determination should be overturned.  *See Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (overturning an ALJ for failing to properly credit a treating physician's opinion when the record was "replete with evidence that substantiates the opinion"); *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990) (overturning an ALJ for improperly substituting his own lay opinion for that of the treating physician).  As such, the Court finds that the ALJ did not commit legal error.

### B. Harmless Error

Jorgensen submits that the R&R claims that any legal error that may have occurred was harmless, citing a portion of the R&R that describes as noteworthy the fact that the state agency consultants ultimately opined that Jorgensen was not disabled – even

though they believed that she suffered from certain marked limitations. (Objs. at 5; R&R at 14.) But the Magistrate Judge was merely explaining that there is evidence in the agency consultants' own opinions – along with substantial evidence in the record as a whole – to support the ALJ's conclusion.[1] The Court agrees.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Plaintiff's Objections [Docket No. 37] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 35]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment [Docket No. 27] is **DENIED**.

2. Defendant's Motion for Summary Judgment [Docket No. 33] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 13, 2018             _____s/John R. Tunheim_____
at Minneapolis, Minnesota.             JOHN R. TUNHEIM
                                                             Chief Judge
                                            United States District Court

---

[1] The ALJ also mentioned that the consultants had opined that "the claimant could maintain persistence and pace for simple, 1 and 2 step routine, repetitive, concrete, and hands on tasks of an unskilled nature." (Admin. R. at 29.) This is another instance of evidence in the consultants' opinions that supports the ALJ's ultimate conclusion.